No. 14,914.

TARRANT *v.* DE LASHMUTT ET AL.
(111 P. [2d] 635)

Decided March 10, 1941.

Messrs. McDougal & O'Dell, for plaintiff in error.

Mr. Gail L. Ireland, Attorney General, Mr. Morry M. Sterling, Assistant, Mr. B. A. Gates, for defendants in error.

*In Department.*

Mr. Justice Bakke delivered the opinion of the court.

This is a workmen's compensation case. The only question involved is whether the employer complied with the provisions of the following statute: "Every employer, not electing to accept or rejecting the provisions of this article, shall cause printed notices thereof to be kept posted in and about his place of employment in a conspicuous manner and in sufficient places frequented by his employees, as to reasonably notify such employees that he is not subject to the provisions of this article * * *." '35 C.S.A., c. 97, §299; C.L. §4394.

The referee, the Industrial Commission and the trial court found that the notice was sufficiently posted and denied compensation.

Employer's business was that of an excavator for basements, cellars, etc. Nearly all of the work was done by men using horses and scrapers. The premises in question covered about a quarter of a block, upon which there were five buildings—barn, granary, tool house, bunkhouse and chicken house. The men were required to care for the horses and make such repairs to the harness and other equipment as was necessary, the implements therefor being kept in the tool house. Other tools used by the men in their daily work, and the well and pump supplying drinking water were also located in the tool house.

When employer notified the commission of his rejection of the Workmen's Compensation Act—concerning the sufficiency of which there is no question—he was given one notice to post. He posted it in the tool house on the wall opposite the entrance door. About fourteen men were employed, several of whom were present at the hearing and testified as witnesses for claimant. A majority of them said they had seen the notice. The testimony of one of them being, "you could not miss it." Claimant had worked for employer seven months and admitted having been in the tool house on several occasions, but insisted he had not seen the notice. There was no claim of impairment of vision. We agree that the notice was such as "to reasonably notify such employees."

The judgment is affirmed.

MR. CHIEF JUSTICE FRANCIS E. BOUCK, MR. JUSTICE OTTO BOCK and MR. JUSTICE HILLIARD concur.